2020R00326/CM/SD/fk

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Freda L. Wolfson |
| v. | : | Crim. No. 20-524 |
| JAKIM STRADFORD, | : | CONSENT JUDGMENT AND PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY (FINAL AS TO THE DEFENDANT) |
| Defendant. | : | |
| | : | |

WHEREAS, on or about June 18, 2020, a grand jury sitting in the District of New Jersey returned an Indictment (the "Indictment") against defendant Jakim Stradford, charging him with being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count One);

WHEREAS, on or about __October 22, 2020__, defendant Jakim Stradford pleaded guilty to the Indictment;

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), a person convicted of being a felon in possession of a firearm, as alleged in Count One of the Indictment, shall forfeit to the United States any firearms and ammunition involved in the commission of the offense;

WHEREAS, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461, defendant Jakim Stradford agreed to forfeit to the United States all of his right, title and interest in the following properties:

    (1)    One Hi-Point Model C9, 9mm caliber pistol, with the serial number obliterated; and

    (2)    Six (6) rounds of 9mm caliber ammunition;

(collectively the "Specific Property");

WHEREAS, Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure provides that a preliminary order of forfeiture may become final at any time before sentencing if the defendant consents;

WHEREAS, the provisions of 21 U.S.C. § 853(n) (incorporated by 28 U.S.C. § 2461(c)) require publication and notice to third parties known to have alleged an interest in forfeited specific property and the disposition of any petitions filed under 21 U.S.C. § 853(n) before the United States may have clear title to such property;

WHEREAS, defendant Jakim Stradford:

    (1)    Consents to the forfeiture to the United States of the Specific Property as a firearm involved in the commission of a knowing violation of 18 U.S.C. § 922(g)(1), as charged in the Indictment, to which the defendant has pleaded guilty;

    (2)    Agrees that this Order is final as to the defendant at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

    (3)    Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of the Specific Property;

(4) Waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(7) Agrees that the forfeiture does not constitute an excessive fine or violate the Eighth Amendment;

WHEREAS, good and sufficient cause having been shown, it is hereby ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. As a result of the defendant's conviction of the felon in possession of a firearm offense as charged in Count One of the Indictment, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and Fed. R. Crim. P. 32.2(b)(1) and (b)(2), all of the defendant's right, title and interest in (1) a Hi-Point Model C9, 9mm pistol, with the serial number obliterated; and (2) six (6) rounds of 9 mm caliber (collectively the "Specific Property") is hereby forfeited to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853.

      2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order of Forfeiture shall be final against defendant Jakim Stradford, shall be made part of the sentence of defendant Jakim Stradford, and shall be included in the judgment of conviction therewith.

      3.      Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Marshals Service, its agent or designee shall maintain or take possession of the Specific Property and hold such property in its secure custody and control.

      4.      Pursuant to 21 U.S.C. § 853(n)(1) and Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, the United States shall publish notice of this Order for at least 30 consecutive days on the government internet site www.forfeiture.gov.  The United States shall also send notice of this Order to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

      5.      Pursuant to Fed R. Crim. P. 32.2(b)(6) and 21 U.S.C. ' 853(n)(2) and (n)(3), the notice of forfeiture must describe the forfeited property with reasonable particularity, state the times by which a petition contesting the forfeiture must be filed, and state the name and contact information for the government attorney to be served with the petition.  The notice shall also state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time

and circumstances of the petitioner's acquisition of his or her right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought.

6. Any person, other than the defendant, claiming interest in the Specific Property must file a petition within 60 days from the first day of publication of notice on the government internet site, or no later than 35 days from the mailing of direct notice, whichever is earlier, pursuant to Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and Rule G(4) and G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

7. Upon adjudication of all third party interests, the Court will enter a final order of forfeiture pursuant to 21 U.S.C. ' 853(n)(7) and Fed. R. Crim. P. 32.2(c)(2), in which all interests will be addressed.

8. Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the Specific Property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. This Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this 22nd day of October 2020.

_____
HONORABLE FREDA L. WOLFSON
United States District Judge


The undersigned hereby consent to
the entry and form of this order:

CRAIG CARPENITO
United States Attorney

_____                Dated: 9/14/20
By: CHRISTOPHER MATTHEWS
Assistant United States Attorney


_____                Dated: 9-17-20
JAKIM STRADFORD
Defendant


_____                Dated: 9/21/2020
SCOTT KRASNY, ESQ.
Attorney for Defendant Jakim Stradford

6